UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
RODNEY BRADSHAW,                                    )
                                                    )
            Plaintiff,                              )
                                                    )
      v.                                            )      Civil Action No. 04-1422 (PLF)
                                                    )
TOM VILSACK, Secretary,                             )
United States Department of Agriculture, *et al.*,  )
                                                    )
            Defendants.                             )
_____           )
                                                    )
GEORGE HILDEBRANDT, JR. and                         )
PATRICIA HILDEBRANDT,                               )
                                                    )
            Plaintiffs,                             )
                                                    )
      v.                                            )      Civil Action No. 04-1423 (PLF)
                                                    )
TOM VILSACK, Secretary,                             )
United States Department of Agriculture, *et al.*,  )
                                                    )
            Defendants.                             )
_____           )

MEMORANDUM OPINION AND ORDER

            The plaintiffs in these two cases formerly were represented by an attorney, James

W. Myart, Jr., whose unprofessional conduct led to the termination of his membership in the bar

of this Court. In two Opinions issued in November 2012, the Court denied the defendants'

motions to impose litigation-ending sanctions against the plaintiffs based on Mr. Myart's

misconduct during discovery, which has forced the defendants to expend unnecessary time and

resources on these cases. See Bradshaw v. Vilsack, 286 F.R.D. 133 (D.D.C. 2012); Hildebrandt

v. Vilsack, 287 F.R.D. 88 (D.D.C. 2012). Although the Court denied the defendants' requests, it

ordered the plaintiffs to notify the Court in writing of their continued willingness and ability to prosecute their cases. Plaintiff Rodney Bradshaw, who has been proceeding *pro se* since Mr. Myart's departure as counsel, submitted a letter expressing his desire to continue with his case and noting that it is "difficult to find counsel" for the type of claim that he is pursuing, but that "if I have to represent myself I will have to do so." Dkt. No. 124 at 2, Civil Action No. 04-1422. Plaintiffs George and Patricia Hildebrandt submitted a response through counsel, which affirms their interest in proceeding with their case but also indicates that their present counsel no longer are in a position to represent them on a *pro bono* basis. Dkt. No. 142 at 1, Civil Action No. 04-1423. The Hildebrandts' filing requests that the Court appoint replacement counsel for the Hildebrandts. Id. at 2-3.

The defendants have responded to the plaintiffs' notices in both cases. The defendants do not object to the appointment of counsel for Mr. Bradshaw or for the Hildebrandts. Dkt. No. 123 at 1, Civil Action No. 04-1422; Dkt. No. 143 at 1, Civil Action No. 04-1423.[1] The defendants also state that they believe both cases can be resolved on summary judgment without further discovery, except as necessary for the plaintiffs to respond to the defendants' anticipated summary judgment motions. Dkt. No. 123 at 2-3, Civil Action No. 04-1422; Dkt. No. 143 at 2-4, Civil Action No. 04-1423.

Having considered the parties' submissions and the entire record in this case, and particularly in light of the grave disservice that has been done to the plaintiffs (and to the defendants) by the plaintiffs' former attorney, Mr. Myart, the Court has determined that appointment of counsel for Mr. Bradshaw and for the Hildebrandts is appropriate. In addition,

---

[1] More precisely, the defendants indicated that they did not object to giving the plaintiffs 90 days in which to obtain new counsel, which was the time frame suggested by counsel for the Hildebrants. Dkt. No. 143 at 1, Civil Action No. 04-1423.

2

the Court has identified counsel who are ready and willing to represent the plaintiffs in these cases. Accordingly, it is hereby

ORDERED that, subject to the agreement of the plaintiffs, Joanna M. Huang, Nathaniel H. Nesbitt, and J. Robert Robertson, of the law firm Hogan Lovells, are appointed to represent Rodney Bradshaw in Civil Action No. 04-1422 and George and Patricia Hildebrandt in Civil Action No. 04-1423; and it is

FURTHER ORDERED that after appropriate consultation with their prospective clients, counsel shall enter their appearances in these cases, after which a status conference will be scheduled.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:   April 18, 2013                                United States District Judge